UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:02-CR-131-KKC

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                    RECOMMENDED DISPOSITION

ARISTEO MONTAYO HURTADO-ROMAN                                              DEFENDANT

\* \* \* \* \*

The Court, on referral, *see* DE #58, considers alleged supervised release violations by Defendant Aristeo Montayo Hurtado-Roman. The USPO secured a warrant from the District Court following submission of a May 10, 2005 Supervised Release Violation Report. The United States Marshal ultimately arrested Defendant on that warrant contemporaneously with expiration of Defendant's sentence for a separate federal criminal conviction in the Western District of Missouri.[1] Thereafter, on August 1, 2007, Defendant appeared in this District for proceedings under Rule 32.1.

Defendant competently entered a knowing, voluntary, and intelligent stipulation to the violations alleged by the USPO, after the Court afforded Defendant all rights due under Rule 32.1 and 18 U.S.C. § 3583.[2] *See* DE## 62 & 63. The USPO alleged that Defendant committed federal

---

[1] That conviction, docketed as 05:06020-01-CR-SJ-HFS, figures prominently in this analysis.

[2] The Court offered a Rule 32.1 preliminary hearing, which Defendant competently waived. *See* DE# 62. The Court thus conducted a final hearing. Defendant competently stipulated, and the Court offered the parties the opportunity to present any proof and make any argument concerning the proper disposition of the matter. The Court also expressly informed Defendant of his right of allocution before the District Court.

The Court detained Defendant, pending final disposition, under Rule 32.1(a)(6). The United States sought detention, and in the Court's assessment, Defendant failed to carry his heavy release

crimes while on release and re-entered the United States without permission. Defendant's stipulation, premised centrally on the Missouri conviction, establishes that while on supervised release from this Court, Defendant engaged in the identical type of criminal conduct for which the Eastern District originally convicted him. The Western District of Missouri convicted Defendant, inter alia,[3] for multiple violations of 18 U.S.C. § 510(a)(2)(passing forged treasury checks) based on events occurring in 2005 in Missouri. This District convicted Defendant under the same statute for Kentucky conduct in 2003.

Defendant's conviction here also involved an unlawful entry offense under 8 U.S.C. § 1325(a)(2), and the arrest of Defendant in Missouri plainly indicates a subsequent illegal entry by Defendant. On May 30, 2003, this Court sentenced Defendant to six (6) months of imprisonment, followed by a two (2) year period of supervised release. *See* DE# 43. The Missouri USPO report indicates that authorities deported Defendant in July of 2003. His arrest in Missouri occurred in April of 2005.

Even more troubling, the Missouri conviction establishes that Defendant's April 2005 conduct substantially worsened relative to the facts of conviction in this District. The offense here involved approximately $8,500.00 in forged checks and involved only two defendants. The Missouri conviction involved a more extensive ring (with at least four participants) that passed or

---

burden under said rule and 18 U.S.C. § 3143(a), which expressly govern the analysis. Defendant did not establish, by clear and convincing evidence, that he would not flee or pose a danger if released.

[3] The Missouri conviction also included counts for possessing false identification (18 U.S.C. § 1028), possessing stolen mail (18 U.S.C. § 1708), and for conspiracy (18 U.S.C. § 371). *See* July 30, 2007 Supervised Release Violation Report (with Addenda). The Western District sentenced Defendant to 30 (thirty) months imprisonment, followed by 2 (two) years of supervised release.

possessed forged treasury checks totaling over **$85,000.00**. Further, the arrested co-conspirators of Defendant described Hurtado-Roman as the "mastermind" and "leader" of the operation.

The Court has evaluated the full record, including the release violation documents and materials from the underlying criminal judgments both in this District and in the Western District of Missouri. The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis.

Under § 3583, a defendant's maximum penalty for a supervised release violation[4] hinges on the gravity of the underlying offense of conviction. The 18 U.S.C. § 510 conviction before this Court was for a Class C felony, *see* § 3559(a)(3), and the maximum provided under § 3583 therefore is 2 (two) years of imprisonment. The Policy Statements in Chapter 7 of the Guidelines provide ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. Most non-aggravated felonious conduct, including Defendant's conduct proven by conviction and stipulation in this instance, is at Grade B. *See* §§ 7B1.3 & 7B1.4. With a criminal history category of IV (the category at the time of the conviction in this District) and a Grade B violation, Defendant's range, under the Revocation Table, is 12-18 months. Supervised release may follow, with a maximum on this record of 36 months (less any period of incarceration actually imposed on the violation). *See* 18 U.S.C. § 3583(b) & (h).

The United States recommended imprisonment at the top of the suggested Guidelines range, 18 months. The United States also requested continued supervision following that term. Defendant sought leniency based on his cooperation with authorities in Missouri and the proposition that

---

[4] The proof standard is a preponderance of the evidence, *see* § 3583(e)(3); Defendant's stipulation and the Missouri criminal conviction obviously satisfy that burden as to all violations alleged.

Defendant theoretically has been punished, in full, for the 2005 conduct by virtue of the Missouri conviction.

The Court recommends a sentence of imprisonment for 18 (eighteen) months followed by a supervised release term of 18 (eighteen) additional months on the same terms currently in effect. The § 3553 factors imported into § 3583(e) support and require such a sentence.

The nature and circumstances of the offense duplicate (and aggravate) those of the prior conviction. Such conduct indicates that the previous punishment from this District, which graciously imposed only a bottom-of-range sentence,[5] had no salutary effect on Defendant. Further, Defendant promptly re-entered the United States after deportation, with no regard for general and specific restrictions on such unlawful entry.

Defendant shows categorical unwillingness to obey both conditions and the law, demonstrating that the only effective deterrent against him is incarceration. Further, the repetitive and worsening conduct creates a high probability of recidivism and corresponding need for societal protection.

Although the Policy Statements do not bind the Court, the Court carefully considered them as a factor in arriving at the appropriate sentence in this case. The Court seriously contemplated a term *above* the Revocation Table. Two factors led the Court to remain within the suggested range: a) the United States sought only a term at the top of the range; and b) Defendant has received and

---

[5] According to the PIR, the Guidelines range at previous sentencing was 6-12 months; the Court imposed a sentence of 6 months.

served his full incarceration term under the Missouri conviction.[6] In this Court's view, the breach of trust reflected in the 2005 conduct (and encompassed by Chapter 7) is a significant issue that, when combined with the other § 3583(e) factors, justifies a sentence at the top of the suggested range.

Defendant did preserve his right of allocution under Rule 32.1, and the District Judge should reserve final disposition pending a hearing at which Defendant may exercise said right.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED as follows:

1) That, following allocution, the Defendant's supervised release be REVOKED, and he be committed to the custody of the Bureau of Prisons, to be imprisoned for a term of 18 (eighteen) months; and

2) That the sentence of imprisonment **shall** be followed by a new term of supervised release of 18 (eighteen) months, on the same terms currently in effect and recorded in the Court's Judgment, *see* DE# 43.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute.

This the 10th day of August, 2007.



Signed By:
Robert E. Wier  REW
United States Magistrate Judge

---

[6] Interestingly, Defendant's Guidelines range for the Missouri conviction was 27-46 months. A § 5K1.1 motion by the Government in that District resulted in the 30 month sentence. Imposition of the 18 month sentence for the supervised release violation would thus approximate the top of the range for the 2005 conduct. As such, the total incarceration prompted by the 2005 conduct certainly would not be incongruous or excessive.